PEOPLE, PLAINTIFF AND APPELLEE, *v.* RIBERA, DEFENDANT AND APPELLANT.

Appeal from the District Court of Ponce in a Prosecution for Embezzlement.

No. 2325.—Decided December 24, 1924.

EMBEZZLEMENT—EVIDENCE.—The evidence for the prosecution showed only that the prosecuting witness owned a heifer jointly with the father of the defendant who, following the instructions of his father, sold it for the sum of $30 of which the prosecuting witness did not receive the part belonging to her. It follows that the evidence was insufficient to support a conviction for embezzlement.

The facts are stated in the opinion.

*Messrs. Martínez Nadal* and *Tormes & Colón* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from a judgment convicting the defendant of embezzlement and sentencing him to sixty days in jail.

In the complaint it is alleged that "having been commissioned to sell a heifer of which his father, Celestino Ribera, was half owner, the defendant unlawfully, wilfully and maliciously appropriated the total proceeds of the sale, amounting to $30, without accounting or paying any sum to the owner."

The appellant maintains that the complaint does not allege facts sufficient to constitute the offense charged and that the court below erred in weighing the evidence.

We agree with the appellant that the complaint is vague and does not set up clearly and precisely the fiduciary or representative relation between the defendant and the complainant, but we shall not stop to consider this question because the evidence was insufficient to convict the defendant. At the hearing the *Fiscal* reviewed the evidence and so stated, recommending that the judgment be reversed.

It is enough to say that the evidence for the prosecution is so obscure that it creates doubts and does not show with certainty the guilt of the defendant. It may be deduced that the heifer was to be sold and was delivered to the defendant for that purpose by his father, who was a part owner of it, and not by the complaining witness; and if such was the case, he should have accounted to his father for the proceeds of the sale. The evidence also tended to show that a brother and a son of the complaining witness intervened in the negotiations for the sale and that the purchaser paid the price to the brother, but a discussion arose between them and the defendant, and the purchaser took back the money and handed it to the defendant, after which he saw the defendant give some money to the son of the complaining witness without knowing the exact amount.

Romualdo Vega, son of the complaining witness, testified also that the sale was made by his uncle, Alfonso Espada.

The evidence for the defendant consisted of his own testimony and that of another witness, and their testimony coincides with that of the purchaser.

For the foregoing reasons the judgment should be reversed and the defendant acquitted.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.